UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - X

SHERRY JACKSON, et ano,

                  Plaintiffs,

ORDER

    - against -

CV 2005-1375 (RJD)(MDG)

PROFESSIONAL CLAIMS BUREAU, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - X

     In this action brought under the Fair Debt Collection Practices Act, plaintiff claims that a certain letter sent by defendant was deceptive and threatened action which defendant's client did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and e(10). By letter dated August 25, 2005 (ct. doc. 8), Adam Fishbein, counsel for plaintiff has moved to compel defendant to provide responses to certain document requests. In light of the responding letter dated August 30, 2005 of Arthur Sanders, counsel for defendant (ct. doc. 9), the only dispute remaining is document request no. 8, which concerns plaintiff's request for the agreement in which the client employed the defendant to collect monies.

     This Court agrees with plaintiff that the requested agreement may lead to the discovery of admissible evidence as to whether the client had any intention to take any additional steps to collect, a necessary element of a claim under § 1692e(5). Cf. Madonna v. Acad. Collection Serv., Inc., No. 3:95CV00875, 1997 WL 530101, at *6-7 (D. Conn. Aug. 12, 1997) (discussing terms of

agreement with client to support finding that collection agency had authority under agreement to recommend suits and that client had no practice ruling out further legal action); see also Sluys v. Hand, 831 F. Supp. 321, 327-28 (S.D.N.Y. 1993) (discovery permitted on practices of defendant).  Moreover, even if the defendant prevails in its claim that the letter did not amount to a threat actionable under § 1692e(5), evidence that the defendant had a practice not to take any further measure to collect debts as small as the one at issue here may have bearing on whether the letter is deceptive, in violation of § 1692e(10).  See Tsenes v. Trans-Cont'l Credit and Collection Corp., 892 F. Supp. 461, 465 (E.D.N.Y. Jul 21, 1995) (allegation that the defendant did not have authority to commence legal action sufficient to state claims under §§ 1692e(5), (4), and (10)).

For the foregoing reasons, defendant must produce the agreement responsive to request no. 8.  However, defendant may redact the terms relating to compensation for the work it performed.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 13, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE